**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| KEVIN A. WEIR, | ) | CASE NO. 1:19-CV-01852-JGC |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DAVID W. GRAY, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.    Introduction

Petitioner, Kevin Weir, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Weir is an Ohio prisoner who is currently serving a 10-year aggregate prison term and a five-year term of post-release supervision for eight counts of pandering obscenity involving a minor. Weir asserts eleven grounds for relief. (ECF No. 1). Respondent, Warden David Gray, filed a return of writ on November 5, 2019. (ECF No. 7). Weir filed a traverse on December 12, 2019. (ECF No. 10).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Weir's petition and other case-dispositive motions. Because Weir has presented only meritless claims, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II.    Relevant State Procedural History

### A.    Indictment

Weir was indicted on August 3, 2016, on eleven counts of pandering obscenity involving a minor, second-degree felonies in violation of R.C. 2907.321(A)(1), and seven counts of pandering obscenity involving a minor, fourth-degree felonies in violation of R.C. 2907.321(A)(5).

1

(ECF No. 7-1, PageID #: 95-101). At arraignment, Weir plead not guilty to all charges. (ECF No. 7-1, PageID #: 103).

### B.    Plea Agreement and Guilty Verdict

In his direct appeal, the Ohio Court of Appeals for the Eleventh Appellate District discussed Weir's plea agreement and sentencing:

> {¶ 3} Appellant entered into a negotiated plea agreement with appellee, the state of Ohio, on October 16, 2016. In exchange for appellant's plea of guilty to eight of the second-degree felony counts of pandering obscenity involving a minor, the remaining counts would be dismissed. The plea agreement included a stipulated sentencing recommendation of ten years in prison.
>
> {¶ 4} A plea and sentencing hearing was held on October 18, 2016. The trial court accepted appellant's guilty plea to Counts 1, 2, 4, 5, 7, 9, 10, and 11 of the indictment and dismissed the remaining counts. The trial court adopted and approved the stipulated sentencing recommendation. Appellant was sentenced to five years in prison on Count 1 and five years in prison on Count 2, to be served consecutively, and five years in prison on each of Counts 4, 5, 7, 9, 10, and 11, all to be served concurrently with Count 2, for a total prison term of ten years.

*State v. Weir*, 2018-Ohio-2827, ¶¶ 3-4 (Ohio App. 11 Dist., July 16, 2018).

### C.    Direct Appeal

On July 5, 2017, Weir filed a notice of appeal (ECF No. 7-1, PageID #: 125) and a motion for delayed appeal. (ECF No. 7-1, PageID #: 135). Weir also moved for the appointment of appellate counsel. (ECF No. 7-1, PageID #: 138). The trial court denied his motion for appointed counsel. (ECF No. 7-1, PageID #: 139). The Ohio Court of Appeals later granted his motion for delayed appeal, noting that no brief or opposition to the motion had been filed. (ECF No. 7-1, PageID #: 142). In the same order, the appellate court also appointed counsel to represent Weir. (ECF No. 7-1, PageID #: 143)

Weir through new counsel who was not trial counsel filed his brief December 11, 2017.

(ECF No. 7-1, PageID #: 144). He raised the following two assignments of error:

> ASSIGNMENT OF ERROR NO. 1: The Trial Court committed reversible error because it did not strictly comply with Crim. R. 11 in that it did not perform a complete colloquy where it actually informed Weir of his rights under Crim. R. 11.

> ASSIGNMENT OF ERROR NO. 2: The Trial Court committed reversible error by accepting a plea on Weir's behalf that was not made knowingly and voluntarily because Weir was not advised that his sentence was not appealable under R.C. 2953.08(D).

(ECF No. 7-1, PageID #: 147). The State filed a brief in response. (ECF No. 7-1, PageID #: 158).

On July 16, 2018, the Ohio Court of Appeals affirmed Weir's conviction and sentence. (ECF No. 7-1, PageID #: 169-177); *State v. Weir*, Eleventh Dist. (Ashtabula) No. 2017-A-0039, 2018-Ohio-2827, 3033 (Ohio App. July 16, 2018)). Weir did not appeal to the Supreme Court of Ohio.

### D.  Application to Reopen under Ohio App. R. 26(B)

On September 28, 2018, Weir pro se filed an application for reopening his appeal under Ohio App. R. 26(B). (ECF No. 7-1, PageID #: 178-238). He alleged that appellate counsel rendered ineffective assistance by failing to raise the following assignments of error:

1. The trial court abused its discretion by denying Appellant's motion for appointment of appellate counsel.

2. Trial counsel was ineffective assistance of counsel [sic] for failure to request a change in venue when it was warranted.

3. Trial counsel was ineffective assistance of counsel [sic] for failing to seek a forensic computer expert for clarification of program vs. operator actions.

4. Trial counsel was ineffective assistance of counsel [sic] for failure to investigate defense of evidence showing that files were incompleted downloads.

5. Trial counsel erred when it sentenced Appellant to consecutive sentences because it did not show itself applicable to the Federal Sentencing Guidelines and its purposes.

6. Trial counsel was ineffective assistance of counsel [sic] for not challenging the insufficient evidence of an F2 pandering charge, when the elements met only the required elements of an F4 pandering charge.

7. Appellate counsel was ineffective assistance of counsel [sic] on appeal for failure to investigate facts, seek discovery and to present winning assignments of errors.

8. Appellate counsel was ineffective assistance of counsel [sic] on appeal for failing to meet with Appellant to discuss case facts strategy, evidence, assignments of errors and potentiality and results of a successful appeal.

9. Trial counsel was ineffective assistance of counsel [sic] for misrepresenting plea offer, judicial release eligibility and effect of pleading guilty.

10. Appellate counsel was ineffective assistance of counsel [sic] on appeal for failing to pursue an effective appeal for failing to pursue an effective appeal because the charges were brought through an initiative of the Ohio Attorney General's Office causing a lackluster effort.

11. Trial counsel was ineffective assistance of counsel [sic] for not moving to suppress evidence gathered from a reckless and challengeable search warrant affidavit and threat assessment.

(ECF No. 7-1, PageID #: 180-190). The State opposed the application for reopening. (ECF No. 7-1, PageID #: 239-248). On February 8, 2019, the Ohio Court of Appeals denied Weir's application for reopening, concluding that he "failed to demonstrate that appellate counsel was deficient in failing to raise the issues appellant now presents or that he had a reasonable probability of success if the issues had been presented on appeal." (ECF No. 7-1, PageID #: 253).

### E.     Appeal to the Ohio Supreme Court

On November 20, 2017, Weir appealed pro se to the Ohio Supreme Court. (ECF No. 7-1, PageID #: 254). Weir's memorandum in support of jurisdiction raised the following eleven propositions of law:

PROPOSITION OF LAW I: Appellate counsel's failure to present trial court's abuse of discretion when it denied Appellant's own

motion for appointment of appellate counsel was ineffective assistance of counsel.

PROPOSITION OF LAW II: Appellate counsel's failure to present trial counsel's failure to request a change in venue when when [sic] it was warranted was ineffective assistance of counsel.

PROPOSITION OF LAW III: Appellate counsel's failure to present trial counsel's failure to seek a forensic computer expert for clarification of program vs. operator actions was ineffective assistance of appellate counsel.

PROPOSITION OF LAW IV: Appellate counsel's failure to present trial counsel's failure to investigate defense that evidence showing files were incompleted downloads was ineffective assistance of counsel.

PROPOSITION OF LAW V: Appellate counsel's failure to present trial court's error in sentencing Appellant to consecutive sentences contrary to [U.S.] Sentencing Guidelines and its purposes was ineffective assistance of counsel.

PROPOSITION OF LAW VI: Appellate counsel's failure to present trial counsel's failure to challenge the insufficient evidence of an F2 pandering, when the elements met only the requirements of an F4 was ineffective assistance of appellate counsel.

PROPOSITION OF LAW VII: Appellate counsel's failure to investigate facts, seek discovery and present winning assignments of errors was ineffective assistance of appellate counsel.

PROPOSITION OF LAW VIII: Appellate counsel's failure to meet with Appellant to discuss case facts, strategy, evidence, assignment of errors and potentiality and results of a successful appeal was ineffective assistance of appellate counsel.

PROPOSITION OF LAW IX: Appellate counsel's failure to present trial counsel's misrepresentation of Appellant's plea offer, judicial release, eligibility and effect of pleading guilty was ineffective assistance of appellate counsel.

PROPOSITION OF LAW X: Appellate counsel was ineffective assistance on appeal for failing to pursue an effective appeal because the charges were brought through an initiative of the Ohio Attorney General's Office and this caused a deficient and unprofessional effort.

5

> PROPOSITION OF LAW XI: Appellate counsel's failure to present trial counsel's failure to move to suppress [sic] evidence gathered with reckless and challengable [sic] search warrant affidavit and threat assessment was ineffective assistance of appellate counsel.

(ECF No. 7-1, PageID #: 262-281). The State waived a memorandum in response. (ECF No. 7-1, PageID #: 282). On May 1, 2019, the Supreme Court of Ohio declined jurisdiction and dismissed the appeal under Ohio S. Ct. Prac. R. 7.08(B)(4). (ECF No. 7-1, PageID #: 284).

## III.    Federal Habeas Corpus Petition

On August 12, 2019, Weir pro se filed his petition in this Court. (ECF No. 1). Weir alleged the following eleven grounds for relief:

> **GROUND ONE**: The Trial Court abused its discretion by denying Appellant's motion for Appointment of Appellate Counsel.
>
> **SUPPORTING FACTS**: Petitioner filed a Notice of Appeal, Leave to File a Delayed Appeal, and a Motion for Appointment of Appellate Counsel. Petitioner was unable to file a timely appeal due to a life-threatening medical emergency. Petitioner did appeal the Court's decision and was eventually granted appellate counsel, however, it clearly shows the abuse of discretion of the court as well as the provided counsel was severely deficient and ineffective assistance of trial counsel.
>
> **GROUND TWO**: Appellate Counsel's failure to present trial counsel's failure to request a change of venue when it was warranted was ineffective assistance App. Counsel. [sic]
>
> **SUPPORTING FACTS**: Petitioner was served with a search warrant where his cell phone was examined and on it were found 4 videos of a an [sic] undressed female secretly recorded from outside the residence. The victim in those videos was the daughter of a Corrections Officer in the County Jail (Ashtabula) and a work associate of the Judge. For the Petitioner's safety, he was relocated and held at neighboring Lake County Jail awaiting his court date. The potential for bias, prejudicial and quid pro quo treatment was obviously a risk, if not a guarantee. However, Petitioner's case was not moved for change of venue. This was ineffective Trial Counsel and ineff. [sic] Appellate Counsel for not presenting.

6

**GROUND THREE:** Appellate Counsel failed to present Trial Counsel failure to seek a Forensic Computer Expert for clarification of Program vs. Operator actions was IA of AC. [sic]

**SUPPORTING FACTS**: Petitioner was charged with many charges related to files found on a computer and a cell phone. The files were incompleted downloads and ghost images from files that were "exported" to other folders. Some of the files were exported to (moved) to other locations and were not "created, reproduced, or published" as charged in the indictment. Petitioner was charged with 2nd Degree Felonies. An expert witness would have have [sic] shown that Petitioner did not duplicate files, lowering the felony level to 4th Degree Felonies and a lowered sentence.

**GROUND FOUR**: App. Counsel's failure to present Trial Counsel's failure to investigate evidence showing files were incompleted downloads was IA of AC [sic]

**SUPPORTING FACTS**: Petitioner's charges included charges for files that were never downloaded in their entirety, making those charges ovid. The incomplete files were incomplete and the charges should have been only "attempted" Pandering charges. There were only 3 files that were completed and 8 that were incomplete. The elements of the crimes were not met to support such charges as indicted. The ineffectiveness of the Trial Counsel prevented this issue from being presented. The ineffectiveness of Appellate Counsel prevented this error from being presented in the appeal.

**GROUND FIVE**: Appellate Counsel's failure to present Trial Court's Error in sentencing appellant to consecutive sentences contrary to Sentencing Guidelines and its puposes [sic] was ineffective assistance of Appellate Counsel.

**SUPPORTING FACTS**: The U.S. Sentencing Guidelines advise courts that they must consider certain factors when crafting a sentence, including: the "nature and circumstances of the offense" and the defendant's "history and characteristics"; amongst other factors. The sentencing judge may reduce the defendant's offense level if the defendant accepts personal responsibility for the offense. Petitioner completely cooperated with investigators and admitted guilt from the beginning of the investigation.

**GROUND SIX**: Appellate Counsel's failure to present Trial Counsel's failure to challenge the insufficient evidence of an F2 Pandering, when the elements met only the requirements of an F4 was ineffective assistance of Appellate Counsel.

**SUPPORTING FACTS**: Petitioner was charged with Pandering in violation of R.C. § 2907.321(A)(1) for 11 counts, felonies of the Second Degree. However, the elements were not met and therefore, Petitioner was subjected to a potential sentence of 8 years each when at most, Petitioner should have been charged only under R.C. § 2907.321(A)(5), as felonies of the Fourth Degree with a potential of 18 months each.

**GROUND SEVEN**: Appellate Counsel's failure to investigate facts, seek discovery and present winning assignments of errors was ineffective assistance of Appellate Counsel.

**SUPPORTING FACTS**: Petitioner was appointed Appellate Counsel by the 11th District Court of Appeals. Four months later Appellate Counsel had finished his lackluster appeal in which he raised only two assignments of error. The Appellate attorney put no effort into investigating the case, failed to contact the trial attorney and did not present any of the assignment the Petitioner presented to the attorney.

**GROUND EIGHT**: Appellate Counsel's failure to meet with Appellant to discuss case facts, strategy, evidence, assignment of errors and potentiality and results of a successful was ineffective assistance of appellate counsel.

**SUPPORTING FACTS**: Appellate Counsel never met with Petitioner to discuss case facts, strategy, evidence, assignments of errors and what could happen if the case was remanded back to the lower court. As a result, the Appellate Counsel mised [sic] many (11) "significant and obvious" issues. If the Court were to compare these neglected issues to those actually raised, the Court will agree the Appellate Counsel prejudiced Petitioner.

**GROUND NINE**: Appellate Counsel's failure to present Trial Counsel's Misrepresentation of Appellant's plea offer, judicial release eligibility and effect of pleading guilty was ineffective assistance of appellate counsel.

**SUPPORTING FACTS**: Petitioner was told by his Trial Counsel that if he took the prosecutor's plea bargain of "up to ten years" that he would "absolutely not have to serve all ten years" and that he was eligible for judicial release in one-hundred eighty days. Both statements were instrumental in convincing Petitioner to take a plea. However, both were untrue.

**GROUND TEN**: Appellate Counsel was ineffective assistance on appeal for failing to pursue an effective appeal because the charges were brought through an initiative of the Oho Attorney General's office and this caused a deficient and unprofessional effort.

**SUPPORTING FACTS**: There were issues with the search warrant that was instigated by the Ohio Attorney General's office. The charges and claims that led to the search warrant were erroneous and inflated. Appellate Counsel simply refused to even investigate the claim that the warrant may have been insufficient.

**GROUND ELEVEN**: Appellate Counsel's failure to present Trial Counsel's failure to move to suppress [sic] evidence gathered with reckless and challengable [sic] search warrant affidavit and threat assessment was ineffective assistance of appellate counsel.

**SUPPORTING FACTS:** A number of circuit courts have held that reckless ommissions [sic] in a government affidavit used to get a search warrant are challengable. [sic] Appellant was entitled to challenge and request suppression when affidavit's author made inflammatory and inciteful statements to create a prejudicial and erroneous claims [sic] with the intent to paint the warrant target as a molester of children.

(ECF No. 1, PageID #: 5-17).

## IV. Legal Standards

### A. Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Ashtabula County sentenced Weir, and Ashtabula County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Weir's § 2254 petition.

### B. Cognizable Federal Claim

9

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th 1998).

### C.     AEDPA Standard of Review

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable
>   determination of the facts in light of the evidence presented in the
>   State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*.

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision

only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's … determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet… because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state courts decision conflicts with this Court's precedents" and "goes no further." *Id.* Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

### D. Ineffective Assistance of Appellate Counsel

When a state court reaches the merits of an ineffective assistance of counsel claim, federal habeas courts provide AEDPA deference to that adjudication under § 2254(d). *Perkins v. McKee*, 411 F. App'x 822, 828 (6th Cir. 2011). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99. Also, in *Harrington*, the Supreme Court emphasized the double layer of deference that federal courts must give state courts in reviewing *Strickland v. Washington*, 466 U.S. 668 (1984), claims under AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. ... An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. ... Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Perkins*, 411 Fed. Appx. at 828 (quoting *Harrington*, 131 S. Ct. 770, 786–788).

## V.     Discussion

### A.     Ground One

In Ground One, Weir claims that he received ineffective assistance of appellate counsel because his appellate counsel failed to assign as error that the trial court abused its discretion by denying his motion for appointment of appellate counsel. The Warden argues that Ground One is meritless. (ECF No. 7 at 21). This Court agrees with the Warden.

13

On July 5, 2017, Weir filed an untimely notice of appeal of the October 16, 2016 judgment against him. (ECF No. 7-1, PageID #: 125). The same day, he moved the trial court to appoint him appellate counsel and requested leave to file a delayed appeal. (ECF No. 7-1, PageID #: 135, 138). The trial court denied the motion for appellate counsel on July 7, 2027. (ECF No. 7-1, PageID #: 139). On August 14, 2017, Weir moved the appellate court to appoint him counsel. (*See* ECF No. 7-1, PageID #: 143). On August 17, 2017, the State appellate court granted Weir leave to file a delayed appeal and his motion for the appointment of appellate counsel. (ECF No. 7-1, PageID # 142-143). Weir then proceeded through counsel with the direct appeal of the October 16, 2016 judgment. Ultimately, Weir's appeal was unsuccessful, and the judgment was confirmed on July 16, 2018. (ECF No. 7-1, PageID #: 169).

On September 28, 2018, Weir applied to reopen his appeal raising various issues. (ECF No. 7-1, PageID #: 178). In his first issue, Weir asserted that the trial court had erred by failing to appoint him appellate counsel. (ECF No. 7-1, PageID #: 180). In reviewing this issue, the State appellate court stated "[t]he trial court denied the motion to appoint appellate counsel because appellant had not yet requested leave from this court to file an untimely appeal. Appellate counsel was appointed by this court when granting appellant's motion for delayed appeal. Thus, appellant cannot establish prejudice." (ECF No. 7-1, PageID #: 250).

Habeas relief is available to a prisoner who can demonstrate either that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Weir fails to state under which theory of relief he believes he is entitled to habeas review. Weir fails to cite a "clearly

established Federal law" or how the trial court's denial of appellate counsel was based on an "unreasonable determination of the facts". Accordingly, Ground One must fail.

Additionally, even if the Court reviewed the merits of Ground One, Weir has failed to show how he was prejudiced by the trial court's denial of appellate counsel. One month later, the appellate court granted his request and he proceeded with his delayed direct appeal with full assistance of appointed appellate counsel. Weir does not dispute that he had appointed counsel for his appeal. Accordingly, Ground One fails.

This Court recommends that Ground One be denied.

### B. Grounds Two, Three, Four, Six, and Eleven

In Grounds Two, Three, Four, Six, and Eleven, Weir asserts that his appellate counsel was ineffective for failing to raise on direct appeal ineffective assistance of defense counsel for failing to: request a change of venue (Ground Two); seek a forensic computer expert (Ground Three); investigate whether the files were actually downloaded (Ground Four); challenge the sufficiency of the evidence (Ground Six); and move to suppress evidence obtained during the execution of a search warrant (Ground Eleven).

As previously mentioned, Weir entered into a plea agreement that included pleading guilty to each of the eight second degree felonies with which he had been charged. A petitioner's unconditional guilty plea "waives all non-jurisdictional defects in the pre-plea proceedings." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir.2003) (quoting *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001)). If a petitioner challenges a conviction following a guilty plea on the advice of counsel, he may only attack the nature of the plea as not knowingly, intelligently, or voluntarily entered. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, Petitioner's arguments regarding his trial counsel's pre-plea failures are waived given his unconditional guilty

plea. *See Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016) (failures "to investigate," "to subpoena witnesses," "to oppose adverse ruling to the SCT," "to present evidence," and "to discover intimate evidence" involve pre-plea matters not reviewable following an unconditional guilty plea).

Accordingly, Grounds Two, Three, Four, Six, and Eleven should be denied.

### C.  Ground Five

In Ground Five, Weir asserts that appellate counsel rendered ineffective assistance by failing to argue that the sentencing court erred in sentencing him to consecutive sentences, which he argues was contrary to the U.S. Sentencing Guidelines and their purposes. The Warden argues that Ground Five is meritless. This Court agrees with the Warden.

The Ohio Court of Appeals reviewed the claim on the merits and stated: "Appellate counsel was not deficient in failing to raise this issue, as federal sentencing guidelines do not apply to a sentence imposed under Ohio law." (ECF No. 7-1, PageID #: 252). The decision is entitled to deference in this federal habeas Court. *Harrington*, 131 S. Ct. at 788.

Weir acknowledges that the federal sentencing guidelines do not apply to Ohio sentences. (ECF No. 10 at 9). Nonetheless, Weir argues, without support, that it should have been a factor considered when determining his sentence. (ECF No. 10 at 9).

The federal sentencing guidelines do not apply to sentences imposed under Ohio law. *State v. Bros.*, 2015-Ohio-2283, ¶ 11; *Myott v. Berghuis*, No. 209-CV-10172, 2009 WL 3241999, at *3 (E.D. Mich. Oct. 7, 2009) ("The Federal Sentencing Guidelines apply only to sentences for federal criminal violations.") (citing *United States v. Simmonds*, 235 F.3d 826, 834 (3d Cir. 2000) (holding that the Federal Sentencing Guidelines do not apply to sentences for violations of Virgin Islands

territorial law); *see also Cummings v. Baker*, 130 Fed. Appx. 446, 447–49 (11th Cir. 2005) (upholding district court's dismissal of state prisoner's request to be paroled on the ground that the Federal Sentencing Guidelines only applied to defendants convicted and sentenced in the federal court)); *see also* U.S.S.G., Ch. ONE, Pt. A, Subpt. 1 (The principal purpose of the Guidelines Manual "is to establish sentencing policies and practices for the *federal* criminal justice system that will assure the ends of justice by promulgating detailed guidelines prescribing the appropriate sentences for offenders convicted of *federal* crimes.") (emphasis added).

Weir fails to show how the state appellate court's decision is an unreasonable application of United States Supreme Court precedent or an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1) and (2). Accordingly, Ground Five should be denied as meritless.

### D.  Grounds Seven, Eight, and Ten

In Grounds Seven, Eight, and Ten, Weir asserts that his appellate counsel was ineffective for: failing to "investigate facts, seek discovery and present winning assignments of errors" (Ground Seven); failing to meet with him to discuss facts, strategy, evidence, assignments of errors, and results of a successful appeal (Ground Eight); and "failing to pursue an effective appeal because the charges were brought through an initiative of the Ohio Attorney General's office and this caused a deficient and unprofessional effort" (Ground Ten). The Warden argues Grounds Seven, Eight, and Ten are meritless. This Court agrees.

The Ohio Court of Appeals reviewed the claims on the merits and rejected them. The court stated:

> "It is well settled that appellate counsel have no constitutional duty to raise every nonfrivolous issue.  Rather, appellate counsel can make a reasoned tactical judgment not to raise issues that lack substantial merit."  *State v. Noling*, 98. Ohio St.3d 44, 2002-Ohio-7044, ⁋134, citing *Jones v. Barnes* (1983), 463 U.S. 745, 751.

> We conclude that appellant has failed to demonstrate that appellate counsel was deficient in failing to raise the issues appellant now presents or that he had a reasonable probability of success if the issues had been presented on appeal.

(ECF No. 7-1, PageID #: 252-253). The decision is entitled to deference in this federal habeas Court. *Harrington*, 131 S. Ct. at 788.

In support of Grounds Seven, Eight, and Ten, Weir takes issue with his appointed counsel's decision to enlist his "assistant" with helping out on the appeal. (ECF No. 10 at 10). Additionally, Weir argues that this appellate counsel failed to adequately investigate the appeal evidenced by the contact, or rather the lack thereof, his appellate counsel had with Weir's defense counsel and refusal to raise any of the issues suggested by Weir.

The record demonstrates that Weir's appellate counsel reached out to his defense counsel inquiring as to any notable issues for appeal. Although Weir takes issue with the duration and conclusion of the conversation (the call was dropped), he fails to demonstrate how he was prejudiced by this communication. Upon reviewing of the record, Weir's appellate counsel challenged the validity of the guilty plea arguing that it was not in strict compliance with Ohio Crim. R. 11 and that it was not made knowingly and voluntarily because Weir had not been advised that his sentence was not appealable under Ohio Rev. Code § 2953.08(D). Effective assistance of appellate counsel does not require counsel to raise every nonfrivolous argument on appeal. *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983). "The mere fact that appellate counsel confined their appeal to [two] issues does not establish that counsel were ineffective; it is often best to filter out less meritorious issues so that counsel can emphasize those that present the best opportunity for relief on appeal." *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008) (citing *Jones*, 463 U.S. at 752 ("There can hardly be any question about the importance of having the appellate

18

advocate examine the record with a view to selecting the most promising issues for review.")).

Additionally, Weir's appellate counsel was not required to meet with him or discuss which issues

to appeal. *Jones*, 463 U.S. at 745-46 ("[A]n indigent defendant has no constitutional right to

compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a

matter of professional judgment, decides not to present those points.").

Finally, Weir asserts that "[t]here were issues with the search warrant that was instigated by

the Ohio Attorney General's office. The charges and claims that led to the search warrant were

erroneous and inflated. He claims that appellant counsel put forth a deficient and unprofessional

effort by failing to "even investigate the claim that the warrant may have been insufficient." (ECF

No. 1 at 15). However, to the extent that this issue pertains to his appellate counsel failing to raise

issues regarding the validity of the search warrant, as discussed above, Weir waived such error by

pleading guilty. Accordingly, appellate counsel was not ineffective for not raising on direct appeal

an issue with the sufficiency search warrant.

Weir fails to show how the state appellate decision is an unreasonable application of United

States Supreme Court precedent or an unreasonable determination of the facts. 28 U.S.C. §

2254(d)(1) and (2).

Accordingly, Grounds Seven, Eight, and Ten should be denied as meritless.

### E.  Ground Nine

In Ground Nine, Weir asserts that his appellate counsel was ineffective for failing to raise

an issue of ineffective assistance of counsel for making misrepresentations regarding the plea offer,

his judicial release eligibility, and the effects of pleading guilty. In support of Ground Nine, Weir

asserts that "Petitioner was told by his Trial Counsel that if he took the prosecutor's plea bargain

of 'up to ten years' that he would 'absolutely not have to serve all ten years' and that he was eligible for judicial release in one-hundred eighty days. Both statements were instrumental in convincing Petitioner to take a plea. However, both were untrue." (ECF No. 1 at 14). The Warden argues that Ground Nine is meritless and should be dismissed. (ECF No. 7 at 32). This Court agrees with the Warden.

Weir raised this claim in his application to reopen his appeal under Ohio's Appellate Rule 26(B). In reviewing this claim, the Ohio Court of Appeals appropriately cited *Strickland*, stating:

> A criminal defendant has "the right to the effective assistance of appellate counsel on the first  appeal as of right."  *State v. Bryant*, 7th Dist. Mahoning No. 99 CA 135, 2002-Ohio-6522, 113,  citing *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Claims of  ineffective assistance of appellate counsel may be raised in an application for reopening of the defendant's appeal from the judgment of conviction and sentence.  App.R  26(B)(1).
>
> An application for reopening must set forth "[o]ne or more assignments of error or arguments  in support of assignments of error that previously were  not considered on the merits in the  case by any appellate court or that were considered on an incomplete record because of appellate  counsel's deficient representation." App.R. 26(B)(2)(c).   The application must also contain a sworn statement setting forth the basis of the claim alleging that appellate counsel's  representation was deficient  and the manner  in which the deficiency  prejudiced the outcome  of the appeal.  App.R. 26(B)(2)(d).  The application "shall be granted if there is a genuine issue as to whether the applicant was  deprived of the effective assistance  of counsel on appeal." App.R. 26(B)(5).
>
> To prevail on an application to reopen, defendant must make "a colorable claim" of ineffective  assistance of appellate counsel under   the  standard established in *Strickland v.  Washington*, 466 U.S. 668 (1984).  *State v. Lee*, 10th Dist, Franklin No. 06AP-226, 2007-Ohio-1594,   P2, citing *State v. Sanders*, 75 Ohio St.3d  607, 607 (1996).   Under *Strickland*, a defendant  must demonstrate the following:  (1) counsel was deficient  in failing to  raise the issues defendant   now presents; and (2) defendant had a reasonable probability  of success if  the issue  had been presented on appeal. *Id*., citing *State v. Timmons*, 10th Dist. Franklin App. No. 04AP-840 (Jan. 19, 2006) (Memorandum Decision).

(ECF No. 7-1, PageID #: 249-250). Thereafter, the court of appeals rejected Weir's claim for ineffective assistance of appellate counsel for failing to raise ineffective assistance of counsel due to misrepresentations in the plea stage, explaining:

> Appellate counsel was not deficient in failing to raise this issue, as it is clear from the record that the trial court strictly complied with the constitutional advisement and colloquy requirements of Crim.R. 11(C)(2)(c) and substantially complied with the nonconstitutional requirements of Crim.R. 11. Appellant's guilty plea was knowingly, voluntarily, and intelligently made. Furthermore, any arguments that trial counsel was ineffective that are based on evidence dehors the record must be raised in a postconviction proceeding, not a direct appeal.

(ECF No. 7-1, PageID #: 252).

Ground Nine, which attacks whether Weir's plea was made knowingly and intelligently, is subject to the "heightened standard of review required by AEDPA, 28 U.S.C. § 2254." *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017). "[A] habeas corpus petition filed by a state prisoner shall be denied with respect to any claim that was 'adjudicated on the merits in State court' unless the petitioner can demonstrate that the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law' or involved an 'unreasonable determination of the facts.'" *Id*. (quoting 28 U.S.C. § 2254). As a state habeas petitioner whose claim is subject to AEDPA, Weir "must show that the state court's application of *Strickland* was itself unreasonable." *Id*. at 832. "This amounts to a 'doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt.' " *Id*. (quoting *Burt*, 571 U.S. at 15 (internal quotation omitted)). "Stated differently, AEDPA requires us to 'take a highly deferential look at counsel's performance through the deferential lens of § 2254(d).'" *Id*. (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (internal quotations omitted)).

"Where ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. at 58. While ruling that the first prong of the *Strickland* test remained unchanged in such cases, the Supreme Court explained that the prejudice requirement is satisfied by showing "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Weir has not shown that the state appellate court's application of *Strickland* was unreasonable. Ground Nine fails initially under the first prong of the *Strickland* test as Weir cannot show that counsel was deficient. *See Moviel v. Smith*, No. 1:08 CV 1612, 2010 WL 148141, at *11 (N.D. Ohio Jan. 12, 2010), aff'd, 482 F. App'x 73 (6th Cir. 2012). Ground Nine attacks the guilty plea by asserting that it was not made knowingly and intelligently due to his defense counsel's misrepresentations. On direct appeal, Weir also attacked the voluntariness of his guilty plea. The appellate court found that the court had strictly complied with Ohio Crim. R. 11(C)(2)(c) and that Weir's guilty plea was knowingly and voluntarily entered. The court explained:

> {P11} Here, the trial court engaged in a meaningful dialogue with appellant at the plea hearing.  The trial court instructed appellant to read portions of his written plea agreement into the record, paragraph by paragraph, and then inquired whether appellant understood what he had read and what rights he was waiving, and whether appellant had any questions.  Each time, appellant indicated he understood what he had read and that he had no questions for the court.  The pertinent portion of the colloquy is as follows:
>
> THE COURT: Okay.  Would you please read the next paragraph?

22

THE DEFENDANT:  Prior to signing  this Written Plea  of Guilty, my attorney explained to me  that I have the following constitutional rights, which I would waive by pleading guilty.

THE COURT: Okay. Would you please then read the portion of the Page One that contains those rights?

THE DEFENDANT: I under-- I under --

THE COURT: Keep -- read right there.  "I understand" --

THE DEFENDANT: Okay. I understand that this plea -- I give up my right to a jury trial or  court trial; to question or have my attorney question witnesses against me; to use the power  of the Court to call witnesses.  At a trial I have the right to not -- the right not to take the  witness stand and have no one comment if I decide not to testify. At a  trial the State would  be required to prove my guilt beyond a reasonable  doubt on every element of the offense. If I were convicted at trial, I would have the right to appeal.

THE COURT: Okay.  Mr. Weir, do you have any  questions whatsoever about any of  those rights?

THE DEFENDANT: No.

THE COURT: You understand all of them? THE DEFENDANT: (Nods head.) Yes.

THE COURT: You have to answer out loud.

THE DEFENDANT:  Yes, sir.

THE COURT: Okay.  And you agree to give up those rights, sir?

 THE DEFENDANT: Yes, I do.

THE COURT: Okay.  Please read the next paragraph, sir.

THE DEFENDANT: I hereby state that I understand these rights and privileges and the possible  consequences  of a guilty plea.  I hereby waive and reject all of these rights.  I am voluntarily pleading guilty on [sic] my own free will.  I understand that this within plea of guilty constitutes  an admission which may be used against me at a later trial.   By pleading guilty I admit committing the offense and will tell the Judge the facts and circumstances of my guilt.

THE COURT: Okay.  Do you have any questions about anything so far?

THE DEFENDANT: No, I do not.

THE COURT: Okay.  You understand everything so far?

THE DEFENDANT:  Yes, I do, sir.

{¶12}  This portion of the colloquy was conducted after the trial court had determined  appellant's age (42), education level

23

(high school graduate and some college), and ability to read, write, and understand the English language.  Appellant also represented to the  trial court that he had sufficient time to speak to his attorney about the contents  of  the plea  agreement  and that he had no complaints about his attorney's representation.

{¶13}  The circumstances at hand are quite distinguishable from those in *State v. Caudill*, cited  by appellant in support of his argument, wherein the defendant's  attorney had read the plea agreement into the record and represented to the trial court that he had explained the waiver of rights to the defendant.  The Ohio Supreme Court held that "[t]he requirements of Crim. R. 11(C)(2) are not satisfied by a written statement by the defendant or by representations of his counsel."  *State v. Caudill*, 48 Ohio St.2d 342 (1976), paragraph three of the syllabus.

{¶14}  Here, the colloquy was between the trial court and appellant. The fact that appellant  read portions of his written plea agreement into the record and verified his understanding, rather than the trial court reading the rights to appellant, does not, under the circumstances  of  this case, raise any presumption  that appellant entered his guilty plea unknowingly or  involuntarily.  We conclude the  trial court strictly complied with Crim.R. 11(C)(2)(c) in  that it referred  to the waiver of constitutional rights in a manner reasonably intelligible to  appellant.

(ECF No. 7-1, PageID #: 172-174). Weir did not appeal the appellate court's finding that his guilty plea was knowingly and voluntarily entered. Weir raised the issue of the voluntariness of the plea again in his petition to reopen his appeal asserting that his plea was not entered knowingly and voluntarily because his defense attorney had misrepresented to him material terms of the plea, which induced him into accepting the offer.

In addition to the excerpt highlighted by the court of appeals quoted above, the court explained numerous times that due to the stipulation of the parties to a 10-year sentence, that the court was going to adopt the recommendation of the parties:

THE COURT:          Okay.  Now, Ms. Tekavec, this is a stipulated sentence [ ], correct?

MS. TEKAVEC:       That's correct, Your Honor.

THE COURT:          And that's correct, Mr. Lewis?

24

MR. LEWIS:        Yes, it is, Your Honor.

THE COURT:        Now, what that means to you, Mr. Weir, is that means you're getting the ten years, even though -- and I'm going to be going over this in the next paragraph – you're facing a potential 64, if it's a stipulated sentence, that's what you're getting.

So do you understand what you're getting: correct, sir?

DEFENDANT:        Yes.

THE COURT:        Okay. I'm gonna read this next paragraph to you, because this is standard wording in the plea agreement; but it doesn't necessarily apply to you, because you've negotiated the exact number, which is not that common.

The State – the agreement says that you understand any recommendation of sentence to the Court by the State is not binding in any way on the Court, and that any sentence to be imposed is in the sole discretion of the Court. But in your case you're getting ten years, because it's a stipulated sentence. Do you understand that?

DEFENDANT:        Yes.

(ECF No. 8-1, PageID #: 313-314). Additionally, the court taking Weir's plea confirmed that he

had received no other promises other than what was contained in the plea agreement. Specifically,

the dialog was as follows:

THE   DEFENDANT:  I am not under the influence of drugs or alcohol, and I have not taken any drugs or alcohol in a 24-hour period preceding the hearing.  No threats have been made to me.  No promises other than which are part of this plea agreement have been made.

THE COURT: Okay.  Any questions about that paragraph?

THE DEFENDANT: No.

THE COURT: And you understand that one also?

THE DEFENDANT: Yes, I do.

(ECF No. 8-1, PageID #: 308-309). Finally, the court went over Weir's eligibility for judicial

release as stated in the plea agreement:

[THE COURT:] And then the last paragraph states that you do not face mandatory time in prison; and if you go to prison, the law does allow you to apply for judicial release after a specific length of time served.  Do you understand that?

25

> THE DEFENDANT:  Yes, sir.
>
> THE COURT: And you signed this document this afternoon, correct, sir?
>
> THE DEFENDANT: Yes, I did, sir.
>
> THE COURT: Do you have any questions whatsoever about anything in this agreement?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you understand everything?
>
> THE DEFENDANT: Yes, I do.

(ECF No. 8-1, PageID #: 318). Weir acknowledged during his plea colloquy that he had been advised of the effects of pleading guilty, including his need to register as a sex offender, that he would receive a sentence of 10 years *as stipulated by the parties*, post-release control, and that he would be able to earn days of credit up to eight percent of his prison time. (*See* ECF No. 8-1).

Here, Weir states that his plea counsel misinformed him about the effects of his guilty plea along with his eligibility for judicial release. Specifically, Weir argues that he "was told by his Trial Counsel that if he took the prosecutor's plea bargain of 'up to ten years' that he would 'absolutely not have to serve all ten years' and that he was eligible for judicial release in one-hundred eighty days." (ECF No. 1 at 14). However, the record does not support his argument. First, under the terms of the plea agreement, Weir agreed to a stipulated ten-year sentence. (ECF No. 7-1, PageID #: 115). During his hearing, the court discussed the stipulated sentence with him and gave Weir an opportunity to ask questions regarding the stipulated sentence prior to accepting the plea agreement and Weir's guilty plea. (ECF No. 8-1, PageID #: 313-314, 315, 323). Additionally, despite Weir's assertion that his counsel had promised him that he would "absolutely not have to serve all ten years", Weir acknowledged during the hearing that no other promises had been made to him outside of those contained in the plea agreement. (ECF No. 8-1, PageID #: 308-309). Second, neither the plea agreement nor the change of plea colloquy include any assertion as

to when Weir would be eligible to apply for judicial release pursuant to Ohio Rev. Code § 2929.20.[1] The plea agreement stated that "I understand [that]…if I go to prison, the law does allow me to apply for judicial release after a specific length of time served." (ECF No. 7-1 at 116). The court advised Weir that he would be eligible to apply for judicial release after "a specified length of time". Weir did not ask any questions regarding his understanding of judicial release eligibility and acknowledged that he had been given no promises outside of those in this plea agreement. Weir's statements at the plea hearing are given a "strong presumption of verity." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* (citing *Machibroda v. United States*, 368 U.S. 487, 495–496 (1962)). "Add to this the presumption under 28 U.S.C. § 2254(e)(1) that the state court's determination of this factual issue is correct and can only be rebutted with 'clear and convincing evidence,' then the inevitable conclusion is that [Weir] has come nowhere near demonstrating deficient performance by trial counsel." *Moviel,* 2010 WL 148141, at *11 (citing *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001); *and see Miller–El v. Dretke*, 545 U.S. 231, 240 (2005)). Because there is little or no likelihood that the underlying ineffective-assistance-of-trial-counsel claim would have been successful on appeal, Weir is not entitled to habeas relief on this ineffective-assistance-of-appellate-counsel claim. *Dufresne v. Palmer*, 876 F.3d 248, 259 (6th Cir. 2017).

The state appellate court also stated "[f]urthermore, any arguments that trial counsel was ineffective that are based on evidence dehors the record must be raised in a postconviction proceeding, not a direct appeal." (ECF No. 7-1, PageID #: 252). Under Ohio law, an ineffective

---

[1] In fact, Weir's eligibility for judicial release depended upon the sentence imposed. *See* Ohio Rev. Code § 2929.20. Thus, until the court accepted the plea agreement, including its stipulated sentence, any inclusion as to Weir's eligibility would have been premature.

assistance of counsel claim that introduces evidence outside the record must be brought in a petition for postconviction relief under Ohio Rev. Code § 2953.21. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 752 (6th Cir. 2013). It is undisputed that Weir did not file a petition for postconviction relief. Accordingly, to the extent Weir raises such a claim, it is procedurally defaulted. *See Gunner v. Welch*, 749 F.3d 511, 516 (6th Cir. 2014).

However, in his Traverse, Weir argues that his defense counsel never told him about the ability to file a motion for post-conviction relief, thus it should not be held against him that he failed to do so. Indeed, the Sixth Circuit has held that appellate counsel's failure to advise the accused about Ohio's time constraints for filing a petition for state post-conviction relief can amount to ineffective assistance, which may excuse the habeas petitioner's procedural default of an ineffective assistance of counsel claim that could only be raised in the collateral review proceeding. *See Gunner*, 749 F.3d at 520.

Under Ohio law at the time of *Gunner*, the deadline for filing a post-conviction relief petition in the sentencing court was 180 days after the trial transcript was filed in the court of appeals during the direct appeal. Ohio Rev. Code § 2953.21(A)(2) (2010). Because of this deadline, "the direct appeals process [ran] concurrently with the post-conviction process in criminal cases" in Ohio. *Gunner*, 749 F.3d at 514 (quoting To Make Changes in the Postconviction Relief Law: Hearing on S.B.4 Before the Subcomm. on Criminal Justice of the S. Comm. on the Judiciary, 121st Sess. (Ohio Jan. 17, 1995) (statement of Sen. Bruce Johnson, sponsor of bill)). Thus, *Gunner* held that "[w]hile petitioner did not file a post-conviction motion, it would have been futile to do so because the 180–day period in which to file such a petition had long since run as a direct consequence of the failure of his appellate counsel to provide him with relevant information." *Gunner,* 749 F.3d at 520. "This failure amounted to ineffective assistance of

appellate counsel and thus constitutes sufficient cause to excuse the procedural default that would otherwise subject the petition for habeas corpus to dismissal." *Id.*; *Williams v. Lazaroff*, 648 F. App'x 548, 552–53 (6th Cir. 2016).

The law at the time of this case, and in effect now, required a petitioner to seek state post-conviction relief within 365 days of the date of the trial transcript. Ohio Rev. Code § 2953.21(A)(2) (2017). Weir's transcript was filed on September 26, 2017. (ECF No. 7-1, PageID #: 293). Thus, Weir was required to file his post-conviction petition no later than September 26, 2018. At the latest, the appellate court advised Weir of the requirement to file a petition for post-conviction relief on February 8, 2019.

Assuming that this potential claim is excused from procedural default based on *Gunner*, Weir has presented no evidence that his counsel made any misrepresentation to him prior to his guilty plea. In addition to Weir's statements at his change of plea hearing, the record contains a letter from Weir's defense attorney stating that she had discussed the entirety of the plea offer with Weir, the stipulated term of imprisonment, the sentencing guide, the judge's ability to sentence different from the stipulated sentence, and Ohio's statute of judicial release – including his eligibility after five years. (ECF No. 7-1, PageID #: 221). The only "evidence" of Weir's counsel's representations are his own after-the-fact statements made within his brief to the state appellate

court and in his habeas petition and brief in support. As discussed above, even considering this "evidence", Weir has not met the first prong of the *Strickland* analysis.[2]

Accordingly, the state appellate court's decision that counsel's performance was not deficient was neither contrary to nor an unreasonable application of clearly established federal law to warrant reversal under 28 U.S.C. § 2254(d).

Accordingly, Ground Nine should be denied.

## VI.    Certificate of Appealability

### A.    Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require

---

[2] Moreover, Weir has not claimed that he was prejudiced by his plea counsel's misrepresentations. Weir states that "[b]oth statements were instrumental in convincing Petitioner to take a plea." (ECF No. 1 at 14). However, he never states that he would have taken the matter to trial but for his counsel's representations. Accordingly, he has not demonstrated prejudice from these statements. *Hill*, 474 U.S. at 59 (to demonstrate prejudice at the guilty plea stage, petitioner must show "a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial."); *Hodges v. Colson*, 727 F.3d 517, 539 (6th Cir. 2013) ("A self-serving statement, couched in exactly the terms of the Supreme Court's standard, and filed as a required part of [defendant's] verified petition for post-conviction relief, cannot establish a reasonable probability that [defendant] would have pled not guilty but for the advice of counsel, where all objective evidence points unequivocally to the contrary.").

a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Weir's grounds for relief are meritless on habeas review. If the Court accepts the foregoing recommendation, then Weir has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

### VII. Recommendation

Weir has presented only meritless claims. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: July 1, 2022

    *s/Carmen E. Henderson*_____
    Carmen E. Henderson
    United States Magistrate Judge

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).