IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kevin A. Weir,   Case No. 1:19-cv-1852-JGC

    Petitioner

v.   **ORDER**

Warden David W. Gray,

    Respondent.

    This is a habeas corpus case under 28 U.S.C. § 2254(d). The Petition asserts eleven grounds for relief. (Doc. 1). The respondent filed a Return of Writ, (Doc. 7), and the petitioner filed a Traverse. (Doc. 10). Following referral, Magistrate Judge Carmen E. Henderson filed her Magistrate Judge's Report & Recommendation. (Doc. 11). She found no merit to any of the petitioner's claims. (*Id.*). She recommended that I deny the Petition. She also recommended that I decline to issue a Certificate of Appealability.

    Petitioner has filed "Supplemental Objections" (Objections) (Doc. 13). The respondent filed a Response. (Doc. 16).

    The petitioner's Objections repeat to a substantial extent, though with some variation, the contentions in his Traverse. He has, though, reformulated his Fifth Ground.

    For the reasons that follow, I find the Report & Recommendation well-taken. I adopt the Report, deny the Petition, and decline to issue a Certificate of Appealability.

    There is an alternative basis for doing so for the petitioner's grounds related to ineffective assistance of *trial* counsel. Those grounds rest almost entirely on factual allegations that no state court has heard, considered, or adjudicated. All relate to his trial attorney's alleged manifold

failure to provide constitutionally adequate representation before and during petitioner's guilty plea. That being so, I find, in addition to Magistrate Judge Henderson's reasons for denying relief and a Certificate of Appealability, that procedural default as to the grounds related to ineffective assistance of trial counsel precludes habeas relief and justifies denial of a Certificate of Appealability.

## Background

### 1. Trial Court Proceedings

Pursuant to a Plea Agreement, the petitioner entered an unconditional plea of guilty to eight counts of pandering obscenity involving a minor in the Ashtabula, Ohio, Court of Common Pleas. In accordance with the Plea Agreement, he received a ten-year aggregate sentence, to be followed by a five-year term of post-release supervision.

The trial court denied his request for appointment of counsel for purposes of appeal.

### 2. State Appellate Proceedings

#### A. Direct Appeal

Petitioner appealed to the Eleventh District Court of Appeals. He renewed his request for appointment of counsel, which the court granted.

His attorney asserted two assignments of trial court error: 1) during the plea colloquy the trial court failed to comply with Ohio R. Crim. P. 16; and 2) his plea was not entered knowingly, intelligently, and voluntarily. The appellate court overruled both assignments of error. *State v. Weir,* 2018-Ohio-2827 (Ohio App., July 16, 2018). The Ohio Supreme Court declined to accept jurisdiction. *State v. Weir*, 2019-Ohio-1536, 121 N.E.3d 410 (Ohio 2019).

**B. Rule 26(B) Proceedings**

Petitioner, *pro se,* obtained leave under Ohio App. R. 26(B) to reopen his appeal. His eleven assignments of error foreshadowed the claims he makes in his current habeas Petition: 1) trial court's failure to appoint counsel for appeal; 2) ineffective assistance of trial counsel (IAC-TC) for failure to move for change of venue; 3) IAC-TC for failure to retain forensic expert; 4) IAC-TC for failure to show that files were incompletely downloaded; 5) trial counsel (*sic* court) failed to apply Federal Sentencing Guidelines when it imposed consecutive sentences; 6) IAC-TC for failure to challenge sufficiency of the evidence re F-2 Pandering Charge, when elements (*sic* evidence) only met elements of F-2 Pandering Charge; 7) appellate counsel IAC (IAC-AC) for failing to investigate facts, seek discovery, and present winning assignments of error; 8) IAC-AC for failing to meet with appellant to discuss case facts, strategy, evidence, assignments of errors on appeal, and potentiality for successful appeal; 9) IAC-TC for misrepresenting plea offer, judicial relief eligibility, and effect of pleading guilty; 10) IAC-AC for failing to pursue an effective appeal where Ohio Attorney General's Office had brought the charges, causing a lackluster effort; and 11) IAC-TC for failure to move to suppress evidence.

The Court of Appeals held that petitioner could not establish that he was prejudiced by appellate counsel's failure to raise those issues because the petitioner had not argued that it affected the knowing, intelligent, and voluntary nature of his guilty plea. (Doc. 7-1, pgID 251). In other words, petitioner could not show cause on the part of his appellate attorney because the petitioner could not show that any of trial counsel's alleged failings affected the validity of his plea of guilty. Additionally, the Court of Appeals made clear that "any arguments that trial counsel was ineffective that are based on evidence dehors the record must be raised in a postconviction proceeding . . . ." (*Id.*, pgID 252).

3

The Court of Appeals, finding that petitioner failed to show a reasonable probability of success on appeal, declined to grant an appeal. (Doc. 7-1, pgID 253).

Petitioner unsuccessfully sought leave to appeal to the Ohio Supreme Court. In that effort, he repeated the claims he'd made unsuccessfully in his Rule 26(B) motion.

### 3. Habeas Corpus Claims/Objections

At its core, the Petition focuses most substantially on petitioner's perceived failings of his trial attorney. His IAC-AC claims consist largely of complaints about that attorney's failure to seek relief on the basis of the trial attorney's ineffective assistance.

Also that the trial attorney, according to petitioner, failed to negotiate a fair plea and either neglectfully advised or willfully misinformed him about matters material to a knowing intelligent, and voluntary plea.

The Petition also faults his appellate counsel's failure, *inter alia,* to present "winning arguments" on appeal. But counsel necessarily had to limit his assignments of error to the record – namely, the plea colloquy. The Court of Appeal found in the Rule 26(B) proceedings that the petitioner's plea had conformed with Ohio R. Crim. P. 11 and that petitioner's plea was knowing, intelligent, and voluntary.

On the basis of the record before me, the state appellate court's decision is not contrary to clearly established law and reflects a reasonable application of such law to the facts before that court. *See* 28 U.S.C. § 2254(d)(1)-(2).

All of petitioner's contentions, including his reformulation of Ground Five, relating to his consecutive sentences, flow from his trial attorney's alleged constitutionally ineffective representation. Petitioner has failed to present these contentions to the state courts.

The problem is that he chose the wrong procedural route to have that occur. The proper procedure would have been to file a timely motion for post-conviction relief under O.R.C. § 2953.21. That is the way – not a Rule 26(B) motion – to bring to a court's attention the failings of a trial attorney. This is especially so where the gravamen of the challenge rests entirely on matters beyond the trial court record. *McClain v. Kelly*, 631 F. App'x 422, 424 (6th Cir. 2015) ("Collateral proceedings under § 2953.21 are the proper avenue under Ohio law for raising claims of ineffective assistance of trial counsel that are dependent on facts outside of the trial record.").

With regard to the claims of ineffective assistance of counsel, the state appellate court's determination is both correct and binding. Appellate counsel, following his appointment, played the hand the petitioner had misdealt him: *i.e.* by bring a Rule 26(B) motion encompassing his ineffective assistance of *trial* counsel grounds instead of seeking post-conviction relief under § 2953.21. As it was, the cards his appellate lawyer needed were not in the game, and the IAC-TC grounds are subject to procedural default.[1]

Finally, with regard to petitioner's reformulation of Ground Five, relating to his consecutive sentences, his challenge is outside the pale of cognizability because federal sentencing guidelines are not a factor in assessing errors of state sentencing law. *See Myott v. Berghuis*, No. 209-CV-10172, 2009 WL 3241999, at *3 (E.D. Mich. Oct. 7, 2009).

---

[1] Petitioner argues in his Traverse that the ineffective assistance of his trial counsel caused his failure to seek post-conviction relief under § 2953.21. The Sixth Circuit has held that trial counsel's failure to provide information regarding the necessity of such a post-conviction motion can excuse procedural default. *See Gunner v. Welch*, 749 F.3d 511, 520 (6th Cir. 2014). But on February 8, 2019, the Court of Appeals put the petitioner on notice that his grounds related to IAC-TC must be raised in a post-conviction motion. (Doc. 7-1, pgID 252). Even after being put on notice, petitioner did not bring a § 2953.21 motion. Thus, I find no applicable excuse for the procedural default.

I have otherwise reviewed the Report & Recommendation *de novo* and find no grounds for not accepting it.

It is, accordingly, hereby

ORDERED THAT

1. The petitioner's Objections to the Report & Recommendation (Doc. 13) be, and the same hereby are overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 11), being well-taken in all respects, be, and the same hereby is adopted;

3. The Petition for a Writ of Habeas Corpus (Doc. 1) be, and the same hereby is denied, with prejudice; and

4. An appeal from this decision would have no merit; therefore I decline to issue a Certificate of Appealability, as jurists of reason could not rationally disagree with either its rationale or result.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge